IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SERGEI PORTNOY,

        Plaintiff,                    No. 2:13-cv-0391 GEB CKD PS

    vs.

UNITED STATES OF AMERICA,      <u>ORDER AND</u>

        Defendant.              <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is proceeding in this action pro se. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21).

        Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

/////

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In this action, plaintiff alleges claims against defendant United States of America arising out of the conduct of a judicial officer. Plaintiff asserts that in two civil actions he filed in the United States District Court, Eastern District of California, the judge assigned to the actions breached her duty and acted maliciously and fraudulently. Plaintiff seeks damages.[1] "Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986). Immunity attaches even if the acts were in error or were performed maliciously. Stump v.

---

[1] Exhibit 1 to the complaint is a denial of plaintiff's tort claim in which he sought five million dollars in damages.

Sparkman, 435 U.S. 349, 356-57 (1978). As all of the allegations of the complaint relate to the performance of official duties integral to the judicial process, defendant United States may assert absolute immunity from liability. See 28 U.S.C. § 2674 (United States is entitled to assert any defense based upon judicial immunity which otherwise would have been available to employee whose act gave rise to the claim); see also Sharma v. Stevas, 790 F.2d 1486 (9th Cir. 1986) (claim under Federal Torts Claim Act properly dismissed where immunity attached). This action should therefore be dismissed with prejudice.

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's request to proceed in forma pauperis is granted; and

IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 6, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 portnoy0391.ifp.57

3